CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 05 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No.: 7:08-cr-00031-3 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| RICHARD TYRONE MCMILLAN. ) | By: James C. Turk |
| ) | Senior United States District Judge |
| ) | |

Richard Tyrone McMillan ("McMillan"), a federal inmate proceeding pro se, has filed a motion pursuant to Fed. R. Civ. P. 59(e) requesting the Court reconsider its decision to deny his 28 U.S.C. § 2255 motion. McMillan was convicted by a jury on two counts: (1) possessing a stolen firearm in violation of 18 U.S.C. § 922(j) ("count three") and (2) possessing a firearm after having been previously convicted of a crime punishable by more than one year of incarceration in violation of 18 U.S.C. § 922(g)(1) ("count five"). This Court sentenced McMillan to, inter alia, 120 months on count three, the statutory minimum, and 180 months on count five, the statutory minimum, to run concurrently. On October 27, 2011, this Court denied McMillan's § 2255 motion challenging his conviction and sentence. (Dkt. No. 244).

McMillan's Rule 59(e) motion claims that: (1) his 1989 marijuana conviction does not qualify as a predicate offense for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[1] and (2) he did not agree to stipulate to the interstate commerce element of the charged crimes. McMillan signed his Rule 59(e) motion on November 21, 2011, and mailed it November 25, 2011. (Dkt. No. 248). Accordingly, because McMillan's motion was mailed

---

[1] The Armed Career Criminal Act "imposes a fifteen-year mandatory minimum sentence for any defendant who violates 18 U.S.C. § 922(g) and who has three prior convictions for 'serious drug offense[s]' or 'violent felon[ies].'" United States v. Toyer, No. 08–5036, 2011 WL 674737, at *6 (4th Cir. Feb. 25, 2011) (alterations in original) (quoting 18 U.S.C. § 924(e)(1)).

within 28 days from the entry of judgment, his motion is timely under Fed. R. Civ. P. 59(e).[2] For the reasons explained below, the Court denies McMillan's Rule 59(e) motion.

## I. Legal Standard

There are three grounds that may warrant amending an earlier judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). Under the third prong, a district court may correct its own errors, so as to spare the parties and the appellate courts the burden of unnecessary appellate proceedings; however, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (quoting 11 Wright et. al., Federal Practice and Procedure, § 2810.1 at 124 (2d ed.1995)).

## II. Discussion

The Court finds that neither ground presented in McMillan's motion requires its prior judgment to be altered or amended in any way. McMillan has not argued any change in the controlling law, nor presented any new evidence. The sole basis for McMillan's motion is to provide the Court an opportunity "to correct a clear error of law or prevent manifest injustice." Pac. Ins., 148 F.3d at 403. McMillan, however, has failed to point to any clear error of law or any manifest injustice.

First, McMillan argues that his 1989 marijuana conviction for distribution of 22.85 grams[3] of marijuana does not qualify as an ACCA predicate offense under 18 U.S.C. § 924(e). To qualify as a "serious drug offense," and predicate offense under ACCA, a state conviction must be "an offense under State law, involving manufacturing, distributing, or possessing with

---

[2] Pursuant to the Rules Governing Section 2255 Proceedings, Rule 3(d) "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."
[3] Approximately 0.81 ounces.

2

intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). McMillan states that although his marijuana conviction is a Class 5 felony, because of his status as a first time offender, he could not have been subject to the ten year maximum period of incarceration.[4] In support of this argument McMillan cites Va. Code § 18.2-251, which provides:

> any person who has not previously been convicted of any offense under this article or under any statute of the United States or of any state relating to narcotic drugs, marijuana, or stimulant, depressant, or hallucinogenic drugs ... pleads guilty to or enters a plea of not guilty ... *to possession of marijuana under § 18.2-250.1*, the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt and with consent of the accused, may defer further proceedings and place him on probation upon terms and conditions.

(emphasis added). This section pertains to first time offenders facing *possession* charges under Va. Code § 18.2-250.1, whereas McMillan pled guilty to *distribution* charges under Va. Code § 18.2-248.1. As such, this section is inapplicable to McMillan's situation. Accordingly, because McMillan has failed to show any clear error of law, this ground for alteration or amendment of the Court's prior judgment is denied.

Second, McMillan contests the stipulation made at trial regarding the interstate commerce element of the offenses with which he was charged. McMillan's motion is hard to follow, but he appears to argue that he did not agree to stipulate to the interstate commerce element and thus an

---

[4] Under Virginia law, "it shall be unlawful for any person to sell, give, distribute or possess with intent to sell, give or distribute marijuana." VA Code § 18.2-248.1 (1989). "Any person who violates [§ 18.2-248.1] with respect to: . . . [m]ore than one-half ounce but not more than five pounds of marijuana is guilty of a Class 5 felony[.]"[4] Id. § 18.2-248.1(a)(2). Punishment of a Class 5 felony in 1989 was "a term of imprisonment of not less than one year nor more than ten years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than twelve months and a fine of not more than $1,000, either or both." Id. § 18.2-10 (1989).

3

evidentiary hearing is required to resolve the alleged dispute between McMillan and counsel. The Court rejects this claim as a basis on which to amend or alter its prior judgment.

During McMillan's two-day trial, McMillan, through counsel, stipulated that the guns at issue had been transported in interstate commerce. (Dkt. No. 171 at 208) ("the .45 caliber Smith & Wesson, the 125th Anniversary model with the six-inch barrel, that that firearm was manufactured outside the state of Virginia at the time of -- or around December 14th, 2007, and because of that had been transported in interstate commerce"). As explained in this Court's prior Memorandum Opinion, counsel is given broad latitude with regard to his or her choice of trial strategy, which includes the decision to enter into a stipulation. Indeed, the Fourth Circuit has explicitly held that defendant's consent to specific stipulations is not required. See United States v. Chapman, 593 F.3d 365, 368 (4th Cir. 2010) ("Decisions that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.") (quoting Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) (internal quotation marks omitted)). Accordingly, this ground to alter or amend the prior judgment is rejected because McMillan's consent to the stipulation regarding interstate commerce was not required and therefore McMillan has failed to show any clear error of law.

V.  **Conclusion**

For the reasons stated above, the Court denies McMillan's Rule 59(e) motion.

ENTER: This 2nd day of December, 2011.

/s/ James C. Turk
Senior United States District Judge

4