IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.      )<br>)   Criminal Action No. 7:08-cr-00031<br>RICHARD TYRONE MCMILLAN, )<br>)<br>Defendant.   ) | |

## MEMORANDUM OPINION AND ORDER

Federal prisoner Richard Tyrone McMillan filed a pro se motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 335.) The government responded on May 18, 2020. (Dkt. No. 338.) For the reasons stated below, McMillan's motion will be denied.

### I. BACKGROUND

On June 12, 2008, McMillan was indicted on various firearm charges. On September 30, 2008, a jury found McMillan guilty of one count of receipt of a stolen firearm and one count of unlawful transportation of firearms. He was sentenced to 180 months in prison.

McMillan filed the instant motion on April 30, 2020. He states that his projected release date is May 7, 2021. McMillan argues for early release based on good behavior (only one incident in 2009). While drugs and alcohol caused his problems with law enforcement, McMillan states that he has not done any drugs or alcohol since being arrested. In prison, McMillan has worked in the maintenance painting crew, and he will be employed in painting and construction when released. McMillan also has a place where he can live with his brother.

On May 5, 2020—after the instant motion was filed—FCC Petersburg received a request for reduction from sentence from McMillan based on a "debilitating medical condition." (Dkt. No. 338-1.) The request was denied on May 13, 2020. McMillan did not file any administrative

request for a reduction in sentence prior to filing this case, and he does not base his current motion on any medical condition.

## II.  ANALYSIS

### A.  Compassionate Release

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction….

In addition to satisfying the above, the reduction must also be "consistent with applicable policy statement issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1).  The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13.  The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above preceding reasons.  U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted."  *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).  Compassionate release is "an extraordinary and rare event."  *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification.  28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. McMillan's request for release that he submitted to the BOP was filed after he filed the instant motion.  Moreover, McMillan's administrative request was grounded in medical reasons, whereas the motion before the court does not mention his medical condition, instead focusing on good behavior and job prospects.  This mismatch undermines the purpose of exhaustion, which is to "allow[] prison officials to develop a factual record and 'an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.'"  *Reese v. Dobbs*, C/A No. 5:19-cv-02914-DCC, 2020 WL 264271, at *1 (D.S.C. Jan. 17, 2020) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)); *see also United States v. Soliz*, 1:16CR0028, 2020 WL

2487563, at *2 (W.D. Va. May 14, 2020) ("request [based only on health conditions and need for regular dialysis] was [not] sufficient to cover the added ground of the Covid-19 risk" in the motion to the court); *United States v. Russo*, 16-cr-441 (LJL), 2020 WL 1862294, at *1 (S.D.N.Y. Apr. 14, 2020) (recognizing that "the BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan"). Therefore, the court will deny McMillan's motion for failure to exhaust his administrative remedies. This ruling does not prevent McMillan from exhausting his BOP remedies with respect to the issues raised in this motion or from pursuing a motion following BOP exhaustion regarding those issues.

### III.  CONCLUSION

Based on the foregoing, it is hereby ORDERED that McMillan's motion for compassionate release (Dkt. No. 335) is DENIED WITHOUT PREJUDICE.

The Clerk is directed to send a copy of this memorandum opinion and order to counsel and to Mr. McMillan.

Entered: June 15, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge